NOT FOR PUBLICATION

FILED
JEANNE A. NAUGHTON, CLERK
DEC - 8 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

FREDRICK T. COSTA, SR. and
DAWN M. COSTA,

Case No. 16-34522 (JNP)

Debtors.

Chapter 7

------------------------------------------------X

JOSEPH PETRYK,

Plaintiff,

v.

Adv. Pro. No. 17-01148

FREDRICK T. COSTA, SR.,

Defendant.

------------------------------------------------X

**OPINION**

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the Court is Joseph Petryk's (the "Plaintiff") Motion for Summary Judgment (the "Motion") seeking judgment against Fredrick Costa (the "Debtor") and find that the claim filed by the Plaintiff in this bankruptcy is nondischargeable. For the reasons discussed herein, the Plaintiff's Motion is GRANTED in part, and DENIED in part.

I.    **Background**

Frederick Costa (the "Debtor") is the owner of a property located at 22 Sewell Street, Glassboro, New Jersey (the "Property"), which is subdivided into three units. The Plaintiff was an occupant of one of the units and filed a complaint in the Superior Court of New Jersey, Gloucester County (the "Superior Court Action") alleging that he and the Debtor entered into a

lease agreement, and the Debtor violated certain parts of that lease. The Superior Court found in favor of the Plaintiff and awarded him $15,000.00. The Superior Court found that the Debtor had violated landlord/tenant law, related to a security deposit, and the New Jersey Consumer Fraud Act, but did not make any other specific findings of fact concerning the lease.

The Debtor filed his Chapter 7 petition on December 29, 2016.

On February 9, 2017, the Plaintiff filed the complaint initiating this adversary proceeding. On September 29, 2017, the Plaintiff filed the Motion for Summary Judgment. The Debtor objected to the Motion on October 24, 2017, and the Plaintiff responded on October 26, 2017.

## II.    Discussion

### Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable by Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. The Court's role at the summary judgment stage "is not to weigh evidence, but to determine whether there is a genuine issue for trial." Knauss v. Dwek, 289 F.Supp.2d 546, 549 (D.N.J. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The moving party bears the initial burden in showing that there is no genuine issue of material fact. See Knauss, 289 F. Supp. 2d at 549 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once that initial burden is met, the nonmoving party must present evidence establishing that a genuine issue of material fact exists, making it necessary to resolve the difference at trial. Celotex, 477 U.S. at 324; Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir.1985).

Facts and inferences must be viewed in a light most favorable to the non-moving party. Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999); Matsushita Elec. Indus. Co.,

Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact" for a reasonable juror to return a verdict for the non-moving party. Anderson, 477 U.S. at 247–48. The materiality of facts is determined by the "substantive law governing the dispute" and therefore disputes over unnecessary or irrelevant facts will not suffice. Crane v. Yurick, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing Anderson, 477 U.S. at 248). Even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. Anderson, 477 U.S. at 248–50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she bears the burden of proof. See Celotex Corp., 477 U.S. at 322–23.

In this case the Plaintiff argues summary judgment is appropriate under the doctrines of res judicata and collateral estoppel.

### Res Judicata

Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same cause of action' as the first suit." Duhaney v. Attorney Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010). In order to apply res judicata, the Plaintiff must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id. Res judicata bars claims that were brought in a previous action, as well as claims that could have been brought. Id.

Res judicata does not apply in this case. Courts have held "[t]he judgment of a state court generally will not be res judicata as to a claim that was within the exclusive jurisdiction of the

NOT FOR PUBLICATION

federal courts." In re Crownover, 417 B.R. 45, 51 (Bankr. E.D. Tenn. 2009); see also In re Feldman, 500 B.R. 431, 439 (Bankr. E.D. Pa. 2013). The bankruptcy court has exclusive jurisdiction of dischargeability determinations under § 523(a)(2). See id.

In Crownover, the court held that res judicata did not apply to the plaintiffs' § 523 claims because "the dischargeability claims did not even exist at the time of the state court proceedings because the debtor had not yet filed bankruptcy." Crownover, 417 B.R. at 51. The same situation is present here. Furthermore, the elements of the state law claims do not exactly overlap with the elements of a dischargeability claim under §§ 523(a)(2)(A), (a)(2)(B), and (a)(4). In this regard, the Superior Court's decision fails to show that the question of nondischargeability was part of the Superior Court Action. See id. For these reasons, res judicata does not apply.

### Collateral Estoppel

The doctrine of collateral estoppel provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979). A party seeking to invoke collateral estoppel on a given issue must establish four elements:

> (1) that the issue upon which preclusion is sought is identical to an issue involved in the prior action; (2) that the issue had been actually litigated in the prior action; (3) that the issue had been determined by a valid and final judgment; [and] (4) that the determination of the issue was essential to the prior judgment.

McLendon v. Cont'l Grp., Inc., 660 F. Supp. 1553, 1560 (D.N.J. 1987).

*State Law Claim*

The Superior Court found that the Debtor violated the New Jersey Consumer Fraud Act. The New Jersey Consumer Fraud Act expressly bars:

4

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J.S.A. § 56:8–2. "To state a cause of action under the [NJ]CFA, a plaintiff must allege: (1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements—defendants' allegedly unlawful behavior and the plaintiff's ascertainable loss." Arcand v. Brother Intern. Corp., 673 F.Supp.2d 282, 296 (D.N.J. 2009) (quoting Parker v. Howmedica Osteonics Corp., 2008 WL 141628, at *2 (D.N.J. Jan.14, 2008)).

Here, the Plaintiff alleges that the Debtor committed fraud under Sections 523(a)(2)(A) &(B), and 523(a)(4). The standard for fraud under the Bankruptcy Code is different than that under the New Jersey Consumer Fraud Act. In this case, collateral estoppel may be applied to some elements of sections 523(a)(2)(A) and 532(a)(4), to the extent that the Superior Court has already ruled on certain issues that overlap with the elements necessary to prevail under those respective sections.

### *Section 523(a)(2)(A)*

To prevail under Section 523(a)(2)(A), party must prove by preponderance of the evidence that: (1) the debtor made a misrepresentation; (2) at the time, the debtor knew the misrepresentation was false; (3) the debtor made the misrepresentation with the intent and the purpose of deceiving the creditor; (4) the creditor relied on the misrepresentation; and (5) the creditor sustained the alleged loss and damages as a proximate result of the misrepresentation. See Strominger v.

Giquinto, 388 B.R. 152, 165 (Bankr. E.D. Pa. 2008); Cochran v. Reath, 368 B.R. 415, 423 (Bankr. D.N.J. 2006).

With regard to theft of utilities, the Superior Court did not make findings related to all of these elements, specifically (2) that the debtor knew the misrepresentation was false; (3) intent and purpose to deceive; and (4) reliance – therefore, collateral estoppel does not apply to these elements.

The Court will GRANT partial summary judgment, based on the Superior Court's decision, and find that collateral estoppel applies to the following elements of § 523(a)(2)(A): (1) that the Debtor made a misrepresentation that the Plaintiff would only be paying for his own utilities; and (5) that the Plaintiff sustained loss and damages as a result of the misrepresentation. The Superior Court found that the Debtor received utilities, for which the Plaintiff unknowingly paid and that the Plaintiff suffered a loss of $4,100 because of the Debtor's misrepresentation. See Superior Court Transcript at 78:6-25.

With regard to the alleged fraud related to the security deposit, the Superior Court did not make findings related to all of the elements of Section 523(a)(2)(A), such as (3) intent and purpose to deceive. Therefore, summary judgment will not be granted as to the security deposit under § 523(a)(2)(A).

### Section 523(a)(2)(B)

A creditor must prove five elements to prevail on a Section 523(a)(2)(B) claim: "(1) the debtor made a statement in writing; (2) <u>the statement concerned the debtor's financial condition</u>; (3) the statement was materially false; (4) the debtor made the representation with an intent to deceive the creditor; and (5) the creditor actually and reasonably relied on the misrepresentation." In re Morris, 223 F.3d 548, 552 (7th Cir. 2000) (emphasis added). As stated above, the Plaintiff

did not prove intent in the Superior Court Action. In addition, at the hearing held on October 31, 2017, the Plaintiff conceded that a statement concerning the Debtor's financial condition did not exist. Therefore, the Motion is denied as to § 523(a)(2)(B) as to both the theft of utilities and the security deposit.

## *Section 523(a)(4)*

Section 523(a)(4) exempts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). To except a debt from discharge based on larceny, the plaintiff must show "a felonious taking of another's personal property, with intent to convert it or deprive the owner of the same." In re Smith, 253 F.3d 703 (5th Cir. 2001).

The Superior Court found the Debtor liable for theft, in regards to the utilities, in light of the New Jersey Consumer Fraud Act. The Plaintiff did not prove all of the elements to find a debt nondischargeable for larceny under Section 523(a)(4) – specifically intent. However, the Superior Court did make findings that the Debtor took property and that the Plaintiff suffered damages. Therefore, the Court will grant summary judgment on those elements, but not as to intent.

With regard to the security deposit, the Plaintiff alleges a breach of fiduciary duty. "To prevail on a complaint seeking to except a debt from discharge based on a defalcation while acting as a fiduciary, a complaint must prove by a preponderance of the evidence (1) that the debtor was acting in a fiduciary capacity and (2) that while acting in this capacity, the debtor engaged in fraud or defalcation." In re D'Urso, 2013 WL 3286222, at *6 (Bankr. D.N.J. June 27, 2013). To show this fiduciary capacity, the plaintiff must show that an express trust, or a technical trust, relationship existed between the debtor and the creditor in which the latter was the trustee and the

former was the beneficiary. See Spencer v. Blanchard, 210 B.R. 108, 116 (Bankr. E.D. Pa. 1996); D'Urso, 2013 WL 3286222, at *6.

> To establish an express trust, three elements must be met: (1) a declaration of trust; (2) a clearly defined trust res; and (3) an intent to create a trust relationship. In determining whether a technical trust relationship exists, courts have consistently considered state law relevant in determining whether a debtor was acting as a fiduciary under the Bankruptcy Code. To show a fiduciary capacity arising from a statutorily created trust for the purposes of § 523(a)(4), a creditor must point to an expressive legislative design to create a trust relationship.

D'Urso, 2013 WL 3286222, at *6.

In D'Urso, the court found that a debt in the form of an unreturned security deposit was nondischargeable pursuant to section 523(a)(4). Id. at *1. The court determined that a fiduciary relationship existed between the landlord and tenant, or a technical trust, pointing to N.J.S.A. § 46:8-19, which lays out the obligations a landlord has to a tenant regarding a security deposit. Id. at *7. The facts in this case are very similar to those in D'Urso. Here, the Plaintiff and the Debtor had a landlord-tenant relationship, with obligations stemming from New Jersey law. See N.J.S.A. § 46:8-21.1. And like the court in D'Urso determined, here too, a defalcation under section 523(a)(4) existed when the landlord did not hold the security deposit in an interest bearing account and/or the security deposit was not returned to the tenant. D'Urso, 2013 WL 3286222, at *10. Therefore, this Court will GRANT summary judgment, based on the Superior Court's decision related to the security deposit, because collateral estoppel applies. The Superior Court found: (1) that there was a landlord/tenant relationship between the Plaintiff and the Debtor; (2) there was a security deposit that was given by the Plaintiff to the Debtor in the amount of $650; (3) the Debtor did not put this security deposit in an interest bearing account as required by New Jersey landlord/tenant law; and (4) the Plaintiff never received an accounting or a refund of the

security deposit once he vacated the unit. The Plaintiff has met his burden to show that there was: (1) a trust relationship between himself and the Debtor; and (2) that there was a defalcation.

The Superior Court also determined that the Plaintiff's damages related to the security deposit are $650, which the Superior Court doubled under New Jersey Law. The Court will also GRANT double damages for the failure to return the security deposit. Compensatory damages, as well as punitive damages, fees, and costs can be deemed nondischargeable under § 523. See Cohen v. de la Cruz, 523 U.S. 213 (1998). Double damages, like the ones awarded to the Plaintiff in the Superior Court case, are allowed under New Jersey law. N.J.S.A. § 56:8-19. The purpose of double damages for failure to return the security deposit is to punish a landlord for its failure to comply with applicable law. Therefore, the Court determines that the Plaintiff's damages related to the security deposit are $1,300.

*Section 523(a)(6)*

The Plaintiff alleges a cause of action under § 523(a)(6) in its Motion for Summary Judgment. The Court did not consider or rule upon the Motion for Summary Judgement under § 523(a)(6), as the Plaintiff did not allege this as a cause of action in the Complaint.

### III.    Conclusion

For the reasons set forth above, the Court finds that the Plaintiff's Motion for Summary Judgment is GRANTED in part, and DENIED in part.

Summary judgment will be entered as to the security deposit in the amount of $1,300. Partial Summary Judgment will also be granted as to the theft of utilities as set forth in this opinion. However, Summary Judgment will not be granted as to all the elements of Sections 523(a)(2)(A) with regard to the Debtor's knowledge of the falsity of his statements; intent to deceive; and the

NOT FOR PUBLICATION

Plaintiff's reliance. Further, the Plaintiff's Motion for Summary Judgment under § 523(a)(2)(B) is denied.

Dated: December 8, 2017

*JERROLD N. POSLUSNY, JR.*
*U.S. BANKRUPTCY COURT JUDGE*